**Opinion issued January 7, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01084-CR

———————————

**DEMETRIUS WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1308742**

## MEMORANDUM OPINION

Appellant Demetrius Williams was convicted by a jury of possession of between four and two-hundred grams of a controlled substance with intent to deliver. The trial court found him to be a habitual offender and sentenced him to

thirty years in prison. In his sole appellate issue, Williams claims that the evidence was legally insufficient to show that he possessed the contraband. We affirm.

## Background

Officers James Crawford and Clifton Holloway of the Houston Police Department were patrolling an area of the city known for narcotics activity in their marked police cruiser. As they drove with their windows open, they noticed a Jeep Cherokee in the opposite lane, parked facing the wrong direction. The officers detected the strong chemical odor of PCP as they passed.

The windows of the Jeep were down and two women were seated in the backseat. Williams was standing by the rear passenger side door and another man, named Castor, was standing by the driver's side door. Williams was leaning into the Jeep and speaking with one of the women.

The officers turned their car around and parked behind the Jeep. As they approached, Williams handed a small bottle to the woman on his side of the Jeep, who deposited it in the rear compartment of the vehicle. Castor dropped a cigarette to the ground that, upon later examination, proved to be a "wet" cigarette that had been dipped in PCP. He also placed in the driver's-side door a bottle containing 0.2 grams of crack cocaine.

The officers detained both men. While they were busy with this task, one of the ladies jumped to the front seat and tried to drive away, but she was stopped by

2

the officers. Upon further inspection of the car, the officers located the bottle that Williams had passed to the woman. Testing showed that it contained 10.1 grams of PCP, including diluents and adulterants.

Williams was indicted for possession of between four and two-hundred grams of PCP with intent to deliver. He pleaded not guilty and was convicted by a jury. The judge found that he had twice before been convicted of felonies and sentenced him to thirty years in prison as a habitual offender. This appeal followed.

**Analysis**

In his sole appellate issue, Williams argues that the evidence at his trial was legally insufficient to support the possession element of the offense. He contends that "[t]he affirmative links connecting [him] to the recovered narcotics are highly tenuous and the majority of factors which are used to establish an affirmative link indicate no connection between [him] and any narcotics."

When hearing a challenge to the legal sufficiency of evidence to support a conviction, an appellate court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). In reviewing the evidence, an appellate court must defer to the jury's determinations as to credibility and the

weight to be afforded different pieces of evidence. *Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319, 326, 99 S. Ct. at 2789, 2793).

"To prove unlawful possession of a controlled substance, the State must prove that the accused (1) exercised care, custody, control, or management over the contraband, (2) was conscious of his connection with it, and (3) knew what it was." *Utomi v. State*, 243 S.W.3d 75, 78 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (citing TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), .112(a) (West 2010)). So as to protect the innocent bystander, mere presence at a place where drugs are found is insufficient to establish guilt. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). The evidence "must establish that the defendant's connection with the drug was more than fortuitous." *Id.* at 161. Accordingly, there must be evidence of additional affirmative links—further evidence tending to prove that the defendant exercised actual care, custody, or control of the contraband—before a conviction is proper. *See id.* at 162. Although the courts have enumerated factors that tie a defendant to contraband found in his presence, the number of links is not dispositive but rather "the logical force of all of the evidence, direct and circumstantial." *Id.* at 162 & n.12.

Williams correctly observes that many of the possible affirmative links between a defendant and contraband often recognized by courts are absent in his case: he did not own the Jeep in which the PCP was found; he was not the driver of

4

the Jeep; he possessed no drug paraphernalia; and there is no evidence that he was under the influence of the drug or uncooperative with the police. *See id.* at 162 n.12. This argument, however, is inadequate to establish that the evidence that was presented was insufficient to support the conviction. Even if the majority of canonical affirmative links is missing in a given case, the logical force of the evidence adduced in the particular case may nevertheless support the conclusion that the defendant had actual care, custody, or control of contraband. *See id.* at 162.

In this case, the strongest piece of evidence tending to show that Williams had actual control of the PCP was the testimony of Officer Holloway, who personally observed Williams handing the bottle containing PCP to the woman in the car. Though the *Evans* court did not list physically holding contraband in one's hands as an affirmative link, *see id.* at 162 n.12, it is plainly evidence tending to prove that Williams's connection with the PCP was more than fortuitous. *See Guy v. State*, 160 S.W.3d 606, 613 (Tex. App.—Fort Worth 2005, pet. ref'd) (finding that evidence was factually sufficient when, inter alia, officer saw defendant drop baggie of cocaine from his hands); *Robles v. State*, 104 S.W.3d 649, 651–52 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (finding sufficient affirmative links when, inter alia, officers saw defendant holding a baseball cap, containing bags of cocaine, which he threw on the floor); *Ennis v. State*, 71 S.W.3d 804, 810 (Tex. App.—Texarkana 2002, no pet.) (deeming evidence sufficient when item later

5

recovered resembled weapon officers saw in defendant's hands). Moreover, handing the bottle to the woman in the backseat, who subsequently tossed it in the Jeep's rear compartment, is evidence of attempted concealment. *See Evans*, 202 S.W.3d at 162 n.12 (cataloging furtive gestures as an affirmative link); *Nelson v. State*, 881 S.W.2d 97, 100 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (holding defendant possessed contraband when, inter alia, he secreted narcotics in his mouth).

Williams further argues that his case should be compared with *Jenkins v. State*, 76 S.W.3d 709 (Tex. App.—Corpus Christi 2002, pet. ref'd), and a like result reached. Jenkins was a passenger in a car in which a large quantity of marijuana, a sizable amount of cocaine, and two guns were discovered. 76 S.W.3d at 714–15. The court found the evidence insufficient to convict him of possessing the narcotics. *Id.* at 719. Among other considerations, the court noted that while his companion had a marijuana pipe in his luggage, Jenkins did not. *Id.* at 717. Relating his case to *Jenkins*, Williams emphasizes that he did not have any cigarettes, wet or otherwise, in his possession, while his companion Castor did.

We conclude, however, that *Jenkins* is distinguishable from the present case. Most significantly, the defendant in *Jenkins* was not seen physically holding the discovered contraband. *See id.* Even though Williams did not have cigarettes and his companion did, the evidence described above that Williams was holding the

6

bottle of PCP and attempted to conceal it by handing it to the woman in the Jeep establishes sufficient affirmative links to show that he had care, custody, or control of the contraband. *See Guy*, 160 S.W.3d at 613; *Robles*, 104 S.W.3d at 651; *Ennis*, 71 S.W.3d at 810. Williams's point of error is overruled.

## Conclusion

We affirm the judgment of the trial court.



Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).